UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

WALKER R. R. DINATALE,

Petitioner,

v.

CASE NO. 1:26-CV-11-HAB-ALT
CASE NO. 1:26-CV-12-HAB-ALT

WARDEN,

Respondent.

OPINION AND ORDER

Walker R. R. DiNatale, a prisoner without a lawyer, filed a habeas corpus petition to challenge his burglary conviction in Case No. 20C01-1507-F4-40.[1] Following a guilty plea, on May 31, 2016, the Elkhart Superior Court sentenced him on nine counts of burglary to forty years of incarceration. He also filed a separate petition to challenge his burglary conviction in Case No. 71D08-1509-F4-68. Following a guilty plea, on January 12, 2018, the St. Joseph Superior Court sentenced him on six counts of burglary to thirty-six years of incarceration to be served concurrently with his sentence in Case No. 20C01-1507-F4-40. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

DiNatale raises the same claims in both petitions. Specifically, he argues that he is entitled to habeas relief because the St. Joseph Superior Court refuses to rule on his motion for sentence modification. This claim is confusing because DiNatale has attached the St. Joseph Superior Court ruling on his motion for sentence modification, dated January 23, 2025. ECF 1 at 22-24. Further,

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

"[i]t is well established that the Constitution does not guarantee any postconviction process." *Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016). "Whereas a direct criminal appeal has now become a fundamental part of the criminal justice system, state post-conviction relief is not a part of the criminal proceeding-indeed, it is a civil proceeding that occurs only after the criminal proceeding has concluded." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). Motions for sentence modification are similarly a type of relief sought after a criminal proceeding has concluded. Consequently, this claim is not a valid basis for habeas relief.

DiNatale also argues that he is entitled to habeas relief because his prosecution in multiple jurisdictions for the same string of burglaries violated his rights against double jeopardy. Though his claims are difficult to parse, it also appears that he asserts that he received ineffective assistance of trial counsel and that his guilty pleas are invalid due to a breach of a plea agreement.

Review of the electronic docket for the state courts strongly suggests that the petitions are untimely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The timeliness analysis is complicated because DiNatale challenges two convictions that became final on different dates. There is also some suggestion that the factual predicate for the claims relating Case No. 20C01-1507-F4-40 in the Elkhart Superior Court could not have been discovered until DiNatale was sentenced in Case No. 71D08-1509-F4-68 by the St. Joseph Superior Court on January 12, 2018. Consequently, the latest plausible starting point for the federal limitations period would be the date on which the conviction in Case No. 71D08-1509-F4-68 became final. For purposes of this order, the Court will assume that this starting point applies to all claims.

DiNatale was sentenced on January 12, 2018, and he did not pursue a direct appeal. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for initiating a direct appeal expired on February 12, 2018. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days). The federal limitations period expired one year later on February 12, 2019. Though DiNatale challenged his sentences in state court in 2024 and 2025, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). DiNatale filed

3

the habeas petitions initiating these cases on October 8, 2025.[2] Because it appears that DiNatale filed the habeas petitions more than six years too late, it also appears that the petitions are untimely.

In the petitions, DiNatalie explains that he "never expected to appeal or file anything after sentencing because nobody told [him] how it worked, and the plea agreements were straightforward." This explanation resembles a request for equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Whether to apply equitable tolling to a particular case is a matter for the Court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

DiNatale seems to be asserting that he did not file a timely habeas petition due to lack of familiarity with federal habeas law. But a lack of familiarity with the law is not a valid basis for equitable tolling. *See Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) ("[L]ack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, and it has been applied repeatedly to *pro se* habeas corpus petitioners."). Therefore, it does not appear that DiNatale is entitled to equitable tolling.

---

[2] Though the court received the petitions on January 8, 2026, the court credits DiNatale's declarations in his petitions that he placed the petition in the prison mail system on October 8, 2025.

For these reasons, the Court is inclined to dismiss both petitions as untimely. But out of an abundance of caution, the Court will allow DiNatale an opportunity to address the concerns set forth in this order before deciding whether to dismiss the petitions pursuant to Section 2254 Habeas Corpus Rule 4.

As a final matter, the Court observes that DiNatale has not resolved his filing fee status in either case. To proceed with his cases, DiNatale must either pay the filing fees in full or file motions for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the Court:

(1) ORDERS Walker R. R. DiNatale to file a response to this Order by **April 24, 2026**;

(2) ORDERS Walker R. R. DiNatale to resolve his filing fee status in both cases by **April 24, 2026**; and

(3) CAUTIONS Walker R. R. DiNatale, that, if he does not respond by that deadline, both cases will be dismissed without further notice.

SO ORDERED on March 25, 2026.

s/ *Holly A. Brady*　　　　　　　　　
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT